# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN B. RODRIGQUES,<br>　　　　Petitioner | : No. 3:09cv1764<br>:<br>: (Judge Munley)<br>:<br>: |
| v. | : |
| ERIC HOLDER,<br>MARY SABOL,<br>WARDEN, YORK COUNTY PRISON,<br>THOMAS R. DECKER,<br>DISTRICT DIRECTOR,<br>　　　　Respondents | :<br>:<br>:<br>:<br>:<br>:<br>: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's motion for reconsideration (Doc. 9) of the court's order (Doc. 8) adopting the report and recommendation of Magistrate Judge Martin C. Carlson (Doc. 6) and dismissing his petition for a writ of habeas corpus. Having been fully briefed, the matter is ripe for consideration.

**Background**

Petitioner filed the instant action on September 14, 2009. (See Doc. 1). He is a native and citizen of Jamaica who has resided in the United States for many years. Since completing a Pennsylvania state sentence related to drug trafficking, petitioner has been detained by the United States pending his deportation. Petitioner alleges that an immigration judge improperly approved his deportation and has filed an

appeal. He contends that his continued detention awaiting deportation violates his due process rights and seeks release pending the decision of the Board of Immigration Appeals (BIA).

The defendants filed a response to the petition on October 7, 2009. (See Doc. 5). Magistrate Judge Carlson issued his report and recommendation on October 22, 2009. (See Doc. 6). The magistrate judge found that petitioner's claim should be denied without prejudice. He noted that petitioner fell within the class of criminal aliens whose detention pending completion of removal proceedings is required by federal law. See 8 U.S.C. § 1226(c)(1)(B). The court also concluded that petitioner could not make out a Due Process claim, as the Supreme Court has concluded that detention under 8 U.S.C. § 1226(c)(1)(B) does not violate due process. Noting, however, that the Court had also found that detention for an excessive period of time can constitute a Due Process violation, Magistrate Judge Carlson examined the facts of the case and found that the delay in petitioner's case was caused by petitioner's actions in appealing to the Board of Immigration Appeals ("BIA"). Moreover, the length of petitioner's custody had been brief–less than six months–and would last only until petitioner's appeal concluded.

The petitioner did not object to the report and recommendation within the time allotted by the court. On November 16, 2009, this court issued an order (Doc. 8) adopting the report and recommendation in part but not adopting the magistrate judge's recommendation that the defendant report on petitioner's status in detention

2

by January 25, 2010. (Id.). On November 20, 2009, the petitioner filed objections to the report and recommendation, which he titled a motion for reconsideration. (Doc. 9). The defendants filed a brief in opposition to this motion, bringing the case to its present posture.

**Jurisdiction**

Petitioner brought this action pursuant to 28 U.S.C. § 2241. As such, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Here, defendant seeks reconsideration of the court's decision adopting the magistrate judge's report and recommendation. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F.

Supp.1109, 1122 (E.D. Pa. 1993). Such motions also may not be used to give a dissatisfied party a chance to "[change] theories and try again," obtaining a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that Ogden is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

The court will grant the motion for reconsideration and consider petitioner's filing to be objections to the report and recommendation. In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The government filed a brief in opposition to the defendant's motion. (See Doc. 10). Defendants, pointing to the standard for a motion for reconsideration, argue that because there was no intervening change in the controlling law, petitioner has introduced no previously unavailable evidence and no clear error of law, the motion should be denied. In his motion for reconsideration, petitioner avers that he

4

was transferred from the York County, Pennsylvania prison to the Willacy Detention Center in Texas on October 23, 2009. (See Doc. 8 at 2). The magistrate judge issued his report and recommendation on October 22, 2009. (Id.). Petitioner informed the court that his address had changed, but he did not receive a copy of the magistrate judge's opinion until November 3, 2009. (Id.). The Clerk of Court docketed the instant motion on November 20, 2009. (Id.). It thus appears that petitioner attempted to raise his objections in a timely fashion, but delays in the prison mail system prevented him from doing so.

The court finds that failing to consider the petitioner's objections under these circumstances would amount to manifest injustice, and reconsideration is thus warranted. Indeed, it appears that the petitioner's filing may be inappropriately titled. After informing the court of the circumstances that led to his delay in receiving mail, petitioner asserts that "this Document is submitted in reply to this Courts [sic] order that any party may object to the Magistrate Judge's proposed finding within ten (10) days 'after' being served with a copy thereof." (See Doc. 9 at 2). Plaintiff is apparently arguing that he should be given extra time to submit his objections, as there was a delay in serving him with the magistrate judge's order. Though plaintiff's *pro se* filing is titled "motion for reconsideration," the motion is more in the nature of objections to the report and recommendation and a motion for an extension of time to provide those objections. In the interest of doing justice to the plaintiff, the court will treat petitioner's motion as his objections to the report and recommendation and

decide the case on those grounds.

Petitioner objects to the magistrate judge's recommendation that the court dismiss the action. He contends that his detention is improper under 8 U.S.C. § 1226(c) and that the length of his detention pending a final removal decision violates his due process rights. The question before the court, then, is whether the magistrate judge correctly recommended that this court dismiss the petition because the petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) and the length and fact of his detention awaiting deportation did not violate his constitutional rights.

Federal law provides that the "Attorney General shall take into custody any alien who–(B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)." 8 U.S.C. § 1226(c)(1)(B). An alien "convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227 (a)(2)(A)(iii). Under the Immigration and Nationality Act, an "aggravated felony" includes "illicit trafficking in a controlled substance, including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code). Further, "Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is

6

deportable. 8 U.S.C. § 1227(a)(2)(B)(i). As such, an alien convicted of a drug offense involving more than a small amount of marijuana for personal use is subject to deportation, and detention of such deportable aliens pending removal is mandatory. <u>Cinchilla-Jimenez v. Immigration and Nationality Service</u>, 226 F.Supp. 2d 680, 684 (E.D. Pa. 2002) (finding that "[p]etitioner was convicted of conspiracy to import cocaine. Thus, he is deportable."); 8 U.S.C. § 1226(c). Evidence supplied by the government indicates that petitioner's detention pending removal is based on his conviction in a 2002 Ohio for trafficking marijuana, an aggravated felony. (<u>See</u> Exh. 1 to Government's Reponse (Doc. 5)). No final order of deportation has issued, and petitioner's detention thus falls under Section 1226(c). <u>See, by contrast</u>, 8 U.S.C. § 1231(a)(1)(A-B) (establishing that the Attorney General must remove an alien ordered deported from the United States within 90 days of the date when the order is final, either administratively or by the decision of a court). Detention is therefore properly analyzed under that statute.

    Here, plaintiff also complains that fact of his continued detention during his removal proceedings violates his due process rights. Under these circumstances, the court must investigate whether plaintiff's continued detention itself violates his constitutional rights. <u>See</u> <u>Bakhtriger v. Elwood</u>, 360 F.3d 414, 424 (3d Cir. 2004). Section 1226(c), under which petitioner is detained, is itself constitutional. The United States Supreme Court has found that "[d]etention during removal proceedings is a constitutionally permissible part of that process." <u>Demore v. Hyung Joon Kim</u>,

538 U.S. 510, 531 (2003). "Congress," the court found, was "justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers," and thus did not violate the Constitution by mandating a brief detention before removal for such aliens. Id. at 513. The court emphasized that detention under Section 1226(c) was usually brief and had a definite termination. Id. at 528. This finding distinguished the case from the Court's earlier holding in Zadvydas v. Davis, 533 U.S. 678 (2001), which found that the Constitution "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Id. at 689. The court's holding in Demore, then, emphasizes that detention pursuant to Section 1226(c) is normally constitutional, unless the custody to which a petitioner is subjected is unreasonably extended or indefinite. The task for the instant court, then, is to determine whether the facts of petitioner's detention constitute a violation of his due process rights.

The court in Demore did not offer a broad test to determine when detention pursuant to Section 1226(c) became unconstitutional. The Third Circuit Court of Appeals has not laid out a specific standard for the court to follow, but other courts which have examined the question have noted a "growing consensus within this district, and indeed it appears throughout the federal courts, that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." Alli v. Decker, 644 F. Supp. 2d 535, 539 (M.D. Pa. 2009) (citing Tijani v. Willis, 430 F.3d 1241, 1242 (9th

8

Cir. 2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Prince v. Mukasey, 593 F. Supp. 2d 727, 734 (M.D. Pa. 2008)). Those courts have developed a variety of methods for determining when pre-removal detention becomes unreasonable. See, e.g., Casas-Castrillon v. Dep't of Homeland Security, 535 F.3d 942, (9th Cir. 2008) (finding that detention after completion of removal proceedings requires a bond hearing for continued detention); Ly v. Hansen, 351 F. 3d 263, 271 (6th Cir. 2003) (finding that to determine whether the length of detention under Section 1226(c) is unreasonable, "courts must examine the facts of each case, to determine whether there has been unreasonable delay in concluding removal proceedings."); Hussain v. Mukasey, 510 F.3d 739, 743 (7th Cir. 2007) (finding that "[i]nordinate delay before the order [of removal] was entered might well justify relief, with habeas corpus the appropriate vehicle for obtaining it.") (citations omitted).

The court will adopt the approach used by the court in Alli v. Decker, 644 F. Supp. 2d 535 (M.D. Pa. 2009), as the test used there represents a flexible inquiry into the circumstances of the case, even as it applies the principle established in Demore that extended detention can be unreasonable and contrary to the intent of congress. See Patel v. Zemski, 275 F. 3d 299, 304 (3d Cir. 2001) (finding that "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). In Alli, the court suggested a series of "considerations" which could guide a determination of whether detention was reasonable. First, the court should ask "whether detention has continued beyond the average times necessary

9

for completion of removal proceedings which were identified in Denmore," since they help to define "the 'brief' and limited period during which mandatory detention is constitutional." Alli, 644 F. Supp. 2d at 543.  Next, the court should examine "the probable extent of future removal proceedings," noting that "[w]here the end of removal proceedings is relatively near, continued detention is more likely to be reasonable." Id.  Third, the court should determine "the likelihood that removal proceedings will actually result in removal." Id. at 544.  Fourth, the court should explore the conduct of the government and the petitioner in causing the delay in removal proceedings.  Id.  Where the court finds it likely that the alien has raised frivolous objections to his removal in order to avoid that event, continued detention is more likely reasonable.  Id.  On the other hand, where delays in removal proceedings are the result of the government's dilatory conduct, continued detention could be unreasonable.

The magistrate judge, applying a similar set of factors, found that the length of petitioner's detention did not raise constitutional concerns, especially because the delay in his deportation was due to his actions.  He had litigated bail requests before the immigration judge, postponed hearings as he sought counsel, filed appeals of his conviction in Ohio which led to three continuances and filed a motion to dismiss the removal proceedings.  Petitioner also appealed his removal order to the BIA, which has likewise caused delay.  Finally, the court concluded that the detention had a definite conclusion, since the BIA's determination of plaintiff's appeal would lead

10

either to his release or deportation. The magistrate judge therefore recommended that the court dismiss the petition on these grounds.

The court finds that petitioner's detention is not unreasonable based on the circumstances. Applying the first of the factors outlined above, the court notes that petitioner has been in INS custody since February 25, 2009. The Department of Homeland Security ("DHS") informed petitioner on February 24, 2009 that he would be detained pending his removal. (Exh. E to Petition for Writ of Habeas Corpus (Doc. 1) (hereinafter "Petition")). DHS issued petitioner a Notice to Appear under Section 240 of the Immigration and Nationality Act on February 25, 2009, alleging that petitioner was removable because he had been convicted of trafficking marijuana in 2002 in violation of Ohio law. (Exh. D to Petition). While awaiting a hearing before an immigration judge, petitioner filed several actions that delayed proceedings. First, he sought bail or release pending a decision on his removal in a motion filed July 10, 2009. (See Exh. B. to Petition). Next, he sought dismissal of his order of removal, alleging that proceedings on state charges in Pennsylvania had violated his rights, and that federal officials had violated his rights by holding him on an INS detainer when a state-court judge had ordered his release on bail pending trial. (See Exh. C to Petition). Petitioner also sought two delays in the proceedings before the immigration judge while he attempted to engage counsel. (Petition at ¶ 32). Finally, petitioner's demand that the court obtain proof of a conviction in Ohio led to a month-long delay in the proceedings. (Id. at ¶ 33). An immigration judge ordered

11

petitioner's deportation on August 11, 2009. (Id. at ¶ 34). Petitioner appealed that decision to the BIA on September 2, 2009. (See Exh. 7 to Response to Petition for Writ of Habeas Corpus (Doc. 5)). An opinion from the BIA is still pending.

This period of detention for the petitioner appears to exceed the average times for 1226(c) detainees described in Demore. In Demore, the court found that detention in 1226(c) cases typically lasted less than 90 days, a period of time "presumptively valid" under earlier precedent. 538 U.S. at 529. In the 15% of cases where the petitioner appeals the decision of the Immigration Judge, cases typically resolve themselves in four months. Id. Thus, absent other facts, the court might conclude that petitioner's nearly year-long detention is constitutionally troubling and requires a hearing to determine whether petitioner should be released. See, e.g., Prince v. Mukasey, 593 F. Supp. 2d 727, 736 (M.D. Pa. 2008) (finding sixteenth-month delay reasonable, but ordering that the propriety of continued detention be discussed at an upcoming immigration hearing); Mandrane v. Hogan, 520 F.Supp. 2d 654, 667 (M.D. Pa. 2007) (finding three years of ICE detention was unconstitutional); Wilks v. DHS, No. 1:07cv2171, 2008 WL 4820654 (M.D. Pa. Nov. 3, 2008) (hearing required after two-and-one-half years of detention).

The second and third factors cited by the Alli court counsel against finding a constitutional violation. Plaintiff has appealed an order of removal issued by the immigration judge and the matter is presently before the BIA. That matter has been pending since September 2009. Given the four-month period cited by the

12

Supreme Court as typical in appeals, a decision from the BIA should issue soon, and will resolve the matter of pre-removal detention for the petitioner. For that reason, continued detention pending removal is not unreasonable. Likewise, removal following these proceedings is likely. The evidence of record indicates that petitioner was convicted of crimes that mandate removal, and petitioner has not argued that he could not be deported to Jamaica, his home country.

Fourth, most of the delay in removal proceedings can be charged to the petitioner, who filed two motions for release before the immigration judge issued a decision and caused other delays to the proceedings as well. He has also chosen to appeal that judge's decision to the BIA. Petitioner's removal order is not yet final, but mostly because he has acted to prevent that finality. While the court recognizes that a litigant should not be punished for making use of the process available to him, use of that process should also not be a means of circumventing the demands of the law, which requires detention pending a final removal decision. See Prince, 593 F. Supp. 2d at 735-36 (noting that "While this Court would not, in any way, even infer that petitioners should not file appropriate documents challenging their detention or the reasons for detention, petitioners such as Prince must know that their own conduct has to be included in determining whether or not a 'reasonable time' was exercised by the authorities in determining the proper response to any assertions made either by Petitioner or the Government."). There does appear to be a delay in issuance of a final decision from the BIA, however, and that delay has extended beyond the

13

period described as typical in Demore.  For that reason, though the court will deny petitioner's constitutional claim, the court will also order the respondents to provide the court will an update on the status of petitioner's appeal within 20 days of the date of this order.  If the respondents fail to provide this update, or fail to provide an adequate explanation for continued delays in the resolution of this matter, the court will order that a hearing be held to determine whether petitioner's continued detention pursuant to Section 1226(c) is reasonable.

**Conclusion**

For the reasons stated above, the court will construe the petitioner's motion for reconsideration as objections to the report and recommendation of Magistrate Judge Carlson.  The court will overrule those objections and adopt the report and recommendation.  The court will also order the government to report within twenty days on the status of petitioner's appeal.  Failure to do so or failure to provide an adequate explanation for delays in the appeal will cause the court to convene a hearing on the appropriateness of continued detention.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IAN B. RODRIGQUES,<br>　　　　**Petitioner** | : | No. 3:09cv1764 |
| | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| ERIC HOLDER,<br>MARY SABOL,<br>WARDEN, YORK COUNTY PRISON,<br>THOMAS R. DECKER,<br>DISTRICT DIRECTOR,<br>　　　　**Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 4th day of March 2010, the petitioner's motion for reconsideration (Doc. 9), which the court has construed as objections to the Report of Recommendation of Magistrate Judge Martin C. Carlson (Doc. 6) are hereby addressed as follows:

　　1. The motion for reconsideration is **GRANTED** to the extent that it seeks to raise objections to the report and recommendation;

　　2. The Clerk of Court is directed to **RE-OPEN** the case for the consideration of petitioner's objections;

　　3. Petitioner's objections to the report and recommendation are hereby

15

**OVERRULED**;

4. The report and recommendation is **ADOPTED**;

5. The Clerk of Court is directed to **CLOSE** the case; AND

6. The Respondents are hereby **ORDERED** to file a report with the court on the status of petitioner's appeal to the Board of Immigration Appeals within twenty (20) days of the date of this order.

                                                 **BY THE COURT:**

                                                 **s/ James M. Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **UNITED STATES DISTRICT COURT**